# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**JASMINE J. JACKSON and**
**XAVIUS M. GOODMAN**

    **PLAINTIFFS**

**VS.**                                                                 **Civil Action No. _____**

**UNITED STATES OF AMERICA**

    **DEFENDANT**

## COMPLAINT

COMES NOW, the Plaintiffs, Jasmine J. Jackson and Xavius M. Goodman, by and through the undersigned counsel, and hereby files this Complaint against the Defendant UNITED STATES OF AMERICA, and would show unto the Court the following:

### JURISDICTION AND VENUE

1. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of an United States employee while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Tennessee.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1402(b) in that all, or a substantial part, of the acts and omissions forming the basis of these claims occurred in the Western

       District of Tennessee, and arose from a motor vehicle accident which occurred in Tipton County, Tennessee on or about December 9, 2020.

3. Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

4. This suit has been timely filed, in that Plaintiff timely served his notice of claims on the United States Postal Service, on or about June 14, 2021, to which no final written determination was issued.

## PARTIES

5. Plaintiff, Jasmine J. Jackson, is an adult resident of Memphis, Shelby County, Tennessee.

6. Plaintiff, Xavius M. Goodman, is an adult resident of Memphis, Shelby County, Tennessee.

7. Defendant, United States of America, is the United States Postal Service, a United States government agency.

## FACTS

8. On December 9, 2020, the Plaintiffs, Jasmine J. Jackson and Xavius M. Goodman, were lawfully traveling westbound in his 2006 Toyota on E. Raines near Prescot Road in Memphis, Shelby County, Tennessee.

9. On the same date and at the same time, David H. Brecht was operating a 2016 Freightliner, owned by Defendant United States as an employee, servant, and/or agent, going southbound on Prescot Road and was approaching E. Raines Road, in Memphis, Shelby County, Tennessee. David H. Brecht then suddenly began to enter E. Raines Road and caused the Plaintiffs' vehicle to collided with the commercial vehicle.

10. In the alternative, David H. Brecht was operating a 2016 Freightliner, owned by Defendant United States as an employee, servant, and/or agent, going southbound on Prescot Road and was approaching E. Raines Road, in Memphis, Shelby County, Tennessee. David H. Brecht approached the intersection of Prescot Road and E. Raines and stopped his vehicle at the intersection in a way that caused the front end of his commercial vehicle to stick out into the intersection and caused the Plaintiffs' vehicle to collided with the commercial vehicle.

11. David H. Brecht, negligently failed to use reasonable caution in the operation of his vehicle by failing to exercise due care and by impeding the normal and reasonable movement of traffic.

12. As a direct and proximate result of the David H. Brecht negligent acts, Plaintiffs, Jasmine J. Jackson and Xavius M. Goodman, sustained personal injuries and other damages to be more particularly described hereinafter.

13. Plaintiffs was seriously injured as a result of the collision.

## CAUSE OF ACTION
## NEGLIGENT ACTS AND/OR OMISSIONS

14. Plaintiffs incorporate paragraphs 1 through 12 as if restated here verbatim.

15. Plaintiffs, Jasmine J. Jackson and Xavius M. Goodman, did not have sufficient time or space to avoid the collision and, as a direct and proximate result of the negligent acts of the David H. Brecht, sustained personal injuries and other damages.

16. Upon information and belief, Plaintiffs allege that on or about December 9, 2020, David H. Brecht, was operating the above-referenced United States Postal Service mail delivery vehicle, as the agent, servant and/or employee of the Defendant, United States of America. Thus, Plaintiffs relies upon § 55-10-311 and § 55-10-312 of the Tennessee

Code Annotated and the doctrines of respondeat superior and agency, alleging that any negligence on the part of David H. Brecht should be imputed to the Defendant, United States of America.

17. Plaintiff's charge and allege that David H. Brecht is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiffs' injuries and resulting damages to wit:

    (a) In negligently failing to use that degree of care and caution in the operation of her vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    (b) In negligently failing to maintain a safe lookout;

    (c) In negligently failing to devote full time and attention to the operation of her vehicle;

    (d) Failing to see what was there to be seen;

    (e) Failing to maintain control of said vehicle;

    (f) Impeding the normal and reasonable movement of traffic;

    (g) Driving in a careless manner;

    (h) Other acts and/or omissions to be shown at the trial of this cause.

18. As a direct and proximate result David H. Brecht's negligence in failing to maintain a proper lookout and operate his vehicle in a safe and prudent manner.

19. At all relevant times, David H. Brecht owed a duty to the Plaintiffs to operate his vehicle in a safe, reasonable, and lawful manner.

20. David H. Brecht breached this duty to operate his vehicle in a safe, reasonable, and lawful manner and as a result directly and proximately caused injuries and damages to the Plaintiffs.

## NEGLIGENCE PER SE

21. Plaintiffs incorporate paragraphs 1 through 20 as if restated here verbatim.

22. Plaintiffs, charge and allege that David H. Brecht was in violation of the following statutes of the State of Tennessee, which were in full force and effect at the time and place of the collision and which constitutes as negligence per se, to wit:

> **Section 55-8-136.  Due Care**
> (b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb, or property.
>
> **Section 55-8-143. Signals for turns**
> (a) Every driver who intends to start, stop or turn, or partly turn from a direct line, shall first see that that movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement, shall give a signal required in this section, plainly visible to the driver of the other vehicle of the intention to make such movement.
>
> **Section 55-8-142. Turning movements**
> (a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in T.C.A. 55-8-140, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway, unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner provided in Sections 55-8-143 and 55-8-144 in the event any other traffic may be affected by such movement.

## INJURIES AND DAMAGES

23. Plaintiffs incorporate paragraphs 1 through 22 as if restated here verbatim.

24. As a direct and proximate result of David H. Brecht's negligence, the Plaintiff, Jasmine J. Jackson, received serious, painful, disabling, and/or permanent bodily injuries, which

caused her to sustain various harms, losses, and damages including, but not limited to, the following:

    a. Great physical pain past, present, and future;

    b. Great mental and emotional suffering past, present, and future;

    c. Severe fright and shock;

    d. Loss of enjoyment of life past, present, and future;

    e. Loss of earnings and future loss of earning capacity;

    f. All other remedies allowed by law arising from injuries and damages suffered by the Plaintiff;

25. As a direct and proximate result of David H. Brecht's negligence, the Plaintiff, Xavius M. Goodman, received serious, painful, disabling, and/or permanent bodily injuries, which caused him to sustain various harms, losses, and damages including, but not limited to, the following:

    b. Great physical pain past, present, and future;

    c. Great mental and emotional suffering past, present, and future;

    d. Severe fright and shock;

    g. Loss of enjoyment of life past, present, and future;

    h. All other remedies allowed by law arising from injuries and damages suffered by the Plaintiff;

26. Under the Federal Tort Claims Act, Defendant United States of America is liable for the above-described actions of its agent/employee, David H. Brecht, as he was acting in the scope of his employment and was in the transaction of business of Defendant United States of America when the injuries occurred.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully sues the Defendant, the United States of America, for a reasonable amount of restitution and compensation for damages for the sum of **One Hundred Thousand Dollars ($100,000.00),** where such actions are the cause of Plaintiffs' injuries and damages, and for all other relief to which the plaintiff may be entitled under the law of Tennessee and the United States of America.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity. The Plaintiffs prays that they be awarded pre-judgment and post-judgment interest from December 9, 2020 until a final adjudication of the merits of this case.

Respectfully submitted,

REAVES LAW FIRM, PLLC

__/s/_ James R. Davis Jr._____
JAMES R. DAVIS, JR., No. 37113
*Attorney for Plaintiffs*
1991 Corporate Ave, Ste. 300
Memphis, TN, 38132
(901) 417-7166
james.davis@beyourvoice.com